## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SYLVESTER GREGG, as an individual and on behalf of others similarly situated, | **Case No.:** |
| Plaintiff, | **COMPLAINT** |
| v. | **JURY TRIAL DEMANDED** |
| WEST COAST SERVICING INC., DALE THAYER and STEVEN J. KRAEMER, | |
| Defendants. | |

Sylvester Gregg, the Plaintiff herein, by his attorneys, as and for his complaint against the Defendants WEST COAST SERVICING, INC. ("WCS"), DALE THAYER ("Thayer") and STEVEN J. KRAEMER ("Kraemer") alleges as follows:

### NATURE OF ACTION

1. This is an action for damages brought by an individual consumer for Defendants' violation of the Fair Debt Collection Practices Act 15 U.S.C. § 1692, *et seq.* ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

2. This is an action for actual and statutory damages for Defendants' violations of the Dodd-Frank Wall Street Reform and Consumer Protection Act (DFA) and specifically of the Regulations enacted pursuant thereto by the Consumer Financial Protection Bureau (CFPB).

3. This is also an action for actual and statutory damages for Defendants' violations of the Real Estate Settlement Procedures Act, ("RESPA") and the Truth in Lending Act, 15 U.S.C. §§ 1601 et. seq. ("TILA").

1

4.  This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to the New York General Business Law NY GBS § 349, *et. seq.* and for the common law tort of defamation.

## JURISDICTION AND VENUE

5.  This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

6.  Declaratory relief is available per 28 U.S.C. §§ 2201 and 2202.

7.  The Court has supplemental jurisdiction over state claims per 28 U.S.C. § 1367.

8.  Venue is proper in this District per 28 U.S.C. § 1391, as the acts, omissions and transactions that give rise to this action occurred, in substantial part, in this District.

9.  Venue is also proper in this district because Plaintiff lives in this District, Defendants conduct business in this District, and the injury occurred in this District.

## PARTIES

10. At all relevant times, Plaintiff Sylvester Gregg has resided in the State of New York.

11. Plaintiff is a "consumer" as that term is defined in the FDCPA, New York General Business Law § 349, and the rules of New York State Department of Financial Services.

12. Defendant WEST COAST SERVICING, INC. was and is a domestic corporation formed under the laws of the State of New York and authorized to do business in the State of New York through its registered offices at the Corporation Service Company at 80 State Street, Albany, NY 12207.

13. Upon information and belief Defendant WCS is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), doing substantial and material business in Queens County, New York and the State of New York.

14. WCS is or was engaged in the collection of debts from consumers and regularly attempts to collect consumer debts alleged to be due to another.

15. Upon information and belief, Defendant DALE THAYER is a natural individual, an agent and director of the "debt collector" WCS, a main financial beneficiary of "debt collector" WCS, an individual with a principal place of business located at "debt collector" WCS, and/or controls and/or supervises the debt collection activities of "debt collector" WCS.

16. Mr. Thayer therefore is a "person who uses any instrumentality of interstate commerce or the mail in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." Therefore, Mr. Thayer is a debt collector as defined by 15 U.S.C. § 1692a(6) and Mr. Thayer is accordingly liable for the acts of Defendant West Coast Servicing, Inc.

17. Upon information and belief, Defendant STEVEN J. KRAEMER is a natural individual, an agent and officer of the "debt collector" WCS, a main financial beneficiary of "debt collector" WCS, an individual with a principal place of business located at "debt collector" WCS, and/or controls and/or supervises the debt collection activities of "debt collector" WCS.

18. Mr. Kraemer therefore is a "person who uses any instrumentality of interstate commerce or the mail in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due

or asserted to be owed or due another." Therefore, Mr. Kraemer is a debt collector as defined by 15 U.S.C. § 1692a(6) and Mr. Kraemer is accordingly liable for the acts of Defendant West Coast Servicing, Inc.

19. Upon information and belief, on a date better known by Defendants, Defendants began to attempt to collect an alleged consumer debt from Plaintiff.

20. Defendants are subject to jurisdiction in the State of New York and venue of this district pursuant to New York Long Arm jurisdiction statute through the causation of injury in the state by acts or omissions inside and outside of the State of New York.

## **INTRODUCTION**

21. In January 2013, the Consumer Financial Protection Bureau ("CFPB") issued a number of final rules concerning mortgage markets in the United States, pursuant to the Dodd-Frank Wall Street Reform and Consumer Protection Act (DFA), Public Law No. 111-203, 124 Stat. 1376 (2010).

22. The CFPB was granted authority to amend these Regulations pursuant to the DFA, which authorized the CFPB to enact regulations under Sections 12 USC 2601 and 15 USC Section 1601 of the Truth in Lending Act. These Regulations became effective on January 10, 2014.

23. The residential mortgage loan in this case is a "federally related mortgage loan" as that term is defined by Regulation 1024.2 (b) of the said Regulations.

24. The Defendant in this case is subject to the said Regulations and does not qualify for any of the exceptions noted in the said Regulations for "small servicers".

**FACTUAL ALLEGATIONS**

25. Plaintiff adopts and realleges the foregoing as fully restated herein.

26. Prior to the commencement of this action, Plaintiff was alleged to have incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

27. Prior to the commencement of this action, Plaintiff did not owe a debt to the Defendants.

28. At no time has Plaintiff owed any debt to Defendants.

29. At no time has Plaintiff had any accounts open with Defendants.

30. At no time has Plaintiff had any personal credit accounts with Defendants.

31. At no time has Plaintiff had any personal business relationship with Defendants.

32. At no time has Defendants been in possession of a signed contract between Plaintiff and any other entity.

33. At no time was Defendants in possession of documents which would have duly conferred upon Defendants the legal standing to collect any debt from Plaintiff.

34. Given the facts delineated above, at no time has Defendants had any information in their possession to suggest that Plaintiff owed a debt to Defendants.

35. Given the facts delineated above, at no time has Defendants had any information in its possession to suggest that Plaintiff was responsible to pay a debt to Defendants.

36. Consequently, Defendants began their collection efforts to collect said debt from Plaintiff.

37. On or about October 26, 2006, Plaintiff obtained a secondary mortgage with First Franklin.

38. On or about January 22, 2010, Plaintiff filed for relief under chapter 7 of the United States Code. In Plaintiff's schedules listing his debts, Plaintiff's mortgage with First Franklin was listed.

39. On or about April 26, 2010, Plaintiff was granted relief under Chapter 7 of the United States Code by order of Hon. Jerome Feller, consequently discharging the Plaintiff from any personal liability for the mortgage.

40. On or around October 2010, Plaintiff ceased making payment on the Mortgage.

41. On or about August 31, 2021, another entity, NS194, LLC via counsel filed a foreclosure suit against the Plaintiff in the New York State Supreme Court, County of Queens, Index No. 719644/2021 ("State Action"), without assessing the applicable statute of limitations before issuance as required by New York law.

42. On or about April 12, 2022, Defendants sent or caused to be sent to the Plaintiff a letter, notifying the Plaintiff that the servicing of the discharged debt was sold to the Defendant WCS. This was Defendants' first communication with the Plaintiff.

43. Defendants' April 12, 2022 letter to the Plaintiff was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

44. Defendants' April 12, 2022 letter to the Plaintiff Communication fail to contain the mini-Miranda warning (g-notice).

45. Defendants' April 12, 2022 letter to the Plaintiff failed to state that Plaintiff had the right to dispute the alleged debt within thirty days.

46. Defendants' April 12, 2022 letter to the Plaintiff failed to state that Plaintiff had the right to have verification of the alleged debt sent to him.

47. Defendants' April 12, 2022 letter to the Plaintiff failed to state that Defendants will provide the name and address of the original creditor if different from the current creditor.

48. Moreover, Defendants failed to send the Plaintiff a 30-day validation notice within five days of their December 21, 2022 initial communication to the Plaintiff.

49. On or about April 25, 2022, an assignment of mortgage was purported to assign the discharged debt to Defendant WCS.

50. This purported April 25, 2022 assignment was recorded with the Queens County Registry's Office on or about April 27, 2022.

51. Upon information and belief, WCS is the current servicer of the discharged debt.

52. On or about May 6, 2022, Plaintiff sent to Defendant WCS a validation of debt request pursuant to the FDCPA.

53. On or about June 20, 2022, Defendants responded to Plaintiff's request by forwarding copies of the original note and mortgage and two assignments of mortgage.

54. Defendants never forwarded any documents that would establish the chain of title to allow the purported holder in due course to establish title.

55. On or about October 17, 2022, Mr. Gregg sent to Defendant WCS, sent a written request for information to the Defendant that included the name of the borrower, the identity of the account, the property description and stated the information requested. This request was made pursuant to 12 CRF Section 1024.36(a).

56. The Request was mailed to the address noticed by the Defendant on the April 12, 2022 letter, for requesting such information as provided for by 12 CFR Section 1024.36(b).

57. Upon information and belief, the requests were received by the Defendant.

58. The Plaintiff's Request for Information included a request for a complete life of loan transaction history which incorporated all debits, credits, charges, assessments, advances, payment applications, and any other transactions related to the Plaintiff's mortgage loan.

59. As of the date of this lawsuit, Defendants have failed to respond to Plaintiff's requests.

60. As of the date of this lawsuit, Defendants have failed to confirm or otherwise acknowledged receipt of the request for information.

61. On or about October 17, 2022, Plaintiff made a written request to the Defendant WCS for a detailed payoff statement.

62. The Request was mailed to the address noticed by the Defendant on the April 12, 2022 letter, for requesting such information as provided for by 12 CFR Section 1024.36(b).

63. Upon information and belief, the requests were received by the Defendant.

64. The seven business days' time period for responding to this request has long expired without a response from the Defendants.

65. Defendants have never forwarded any documents that would establish the chain of title to allow WCS or the purported holder in due course to establish a legal right to collect money.

66. Defendants' materially false claims included that Defendant WCS is now the true and lawful holder of the said bond(s)/note(s) and is mortgagee of record.

67. Defendants have failed to maintain reasonable procedures for determining the statute of limitations applicable to the debt it was collecting and whether such statute of limitations had expired in violation of 23 NYCRR § 1.3(a).

68. Defendants' assertion that WCS was owed money from the Plaintiff was a clear mischaracterization of the amount of the alleged debt.

69. Defendants' claims that WCS has all the rights to collect the account that resulted in the alleged debt are misleading. Defendants have mischaracterized the ownership of the alleged debt because there is no valid contract or assignment in writing between the Defendants and the current owner of the note.

70. Defendants' claims that WCS has all the rights to collect the account that resulted in the alleged debt are misleading. The statute of limitations applicable to the debt Defendants are collecting has expired in violation of 23 NYCRR § 1.3(a).

71. On or about April 3, 2023, Defendant WCS filed paperwork seeking to be named as the Plaintiff in the State Action despite having no legal right to do so.

72. Defendant WCS has no legal right to be a named Plaintiff in the State Action, as Defendant WCS has long sold the claim and said claim has been resold at least twice thereafter.

73. Defendants utilized malicious attempts at collecting this debt from Plaintiff.

74. As a result of Defendants' deceptive acts and practices, Plaintiff has been damaged in the form of emotional distress, humiliation, anxiety.

75. As a result of D Defendants' deceptive acts and practices, Plaintiff incurred out of pocket expenses and attorney's fees.

76. In light of the facts articulated herein, Defendants utilized false and deceptive means to coerce Plaintiff into the paying debt.

77. In light of the facts articulated herein, Defendants utilized false and deceptive means in an attempt to oppress and harass Plaintiff into paying the debt.

78. In light of the facts articulated herein, Defendants attempted to collect a debt by communicating false representations or utilizing deceptive means.

79. In light of the facts articulated herein, Defendants engaged in collection activity, the purpose of which was to harass the Plaintiff.

80. In light of the facts articulated herein, Defendants attempted to collect a debt by communicating false representations by failing to contain the mini-Miranda warning.

81. In light of the facts articulated herein, Defendants attempted to collect a debt not authorized or permitted by law.

82. In light of the facts articulated herein, Defendants attempted to collect a debt by failing to send the Plaintiff a 30-day validation notice within five days of their initial communication to the Plaintiff.

83. In light of the facts articulated herein, Defendants attempted to collect a debt by failing to state that the Plaintiff had the right to dispute the alleged debt within 30 days.

84. In light of the facts articulated herein, Defendants attempted to collect a debt by failing to state that the Plaintiff had the right to have verification of the alleged debt be sent to the Plaintiff.

85. In light of the facts articulated herein, Defendants attempted to collect a debt by failing to state that the Defendants will provide the name and address of the original creditor if different from the current creditor to the Plaintiff.

86. Defendants' activity on these occasions were a communication in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692d, 1692e, 1692e(10), 1692e(11), 1692f, 1692f(1), 1692g(a)(3), 1692g(a)(4) and 1692g(a)(5), amongst others.

87. Plaintiff commenced this action within one year of the unlawful actions and/or within one year of reasonably knowing of the unlawful actions of Defendants.

## ALLEGATIONS OF LAW

88. Defendants' conduct violates 15 U.S.C. § 1692 et seq., including but not limited to subsections (d), (e), (f) and (g) in the representations made by the Defendants are abusive, false, confusing, misleading, deceptive, unfair and fail to advise the consumer of his/her legal rights as required by law.

89. That as per 15 U.S.C. § 1692 et seq. and as a result of the above violations, Defendants are liable to the Plaintiff for actual damages pursuant to 15 U.S.C. § 1692k(a)(1); and statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each and every Defendant herein.

90. Defendants violated the FDCPA. Defendant's violations include, but are not limited to the following: d, e, f and g.

  i. Defendants violated 15 U.S.C. § 1692d by harassing, oppressing and/or abusing the consumer by employing unfair tactics in attempt to collect a debt;

  ii. Defendants violated 15 U.S.C. § 1692e by utilizing false, deceptive and misleading representation to collect a debt;

  iii. Defendants violated 15 U.S.C. § 1692e(2) by making false and misleading representations in connection to the character, amount and legal status of an alleged debt;

  iv. Defendants violated 15 U.S.C. § 1692e(10) by utilizing false representations or deceptive means to collect an alleged debt or obtain information about a consumer;

11

     v.  Defendants violated 15 U.S.C. § 1692e(11) by making false and misleading representations in which its communication failed to contain the mini-Miranda warning;

    vi.  Defendants violated 15 U.S.C. § 1692f by utilizing unfair and unconscionable means to attempt to collect an unfair alleged debt;

   vii.  Defendants violated 15 U.S.C. § 1692f(1) by attempting to collect an amount not authorized by the agreement creating the debt or by law;

  viii.  Defendants violated 15 U.S.C. § 1692g by failing to send the consumer a 30-day validation notice within dive days of its initial communication;

    ix.  Defendants violated 15 U.S.C. § 1692g(a)(3) by failing to state that the consumer had the right to dispute the alleged debt within 30 days;

    x.  Defendants violated 15 U.S.C. § 1692g(a)(4) by failing to state the consumer had the right to have verification mailed to the consumer;

   xi.  Defendants violated 15 U.S.C. § 1692g(a)(5) by failing to state that collector will provide name and address of original creditor if different from the current creditor;

91. Defendants' conduct violates GBL § 349(a) in the representations made by the Defendants are abusive, false, confusing, misleading, deceptive, unfair and fail to advise the consumer of his/her legal rights as required by law.

92. As per NY GBL § 349(a) and as a result of the above violations, Defendants are liable to the Plaintiff for actual damages, costs, and reasonable attorneys' fees pursuant to NY GBL 349(h) from each and every Defendant herein.

93. Plaintiff was damaged by the Defendants' conduct insomuch as experiencing worries and concerns and significant emotional harm as a result of Defendants' conduct in willfully violating the law. The circumstances surrounding the violation make it obvious that a reasonable person would suffer significant emotional harm.

94. To the extent that the Defendants attempted to collect a debt from Plaintiff even though Defendants knew or should have known that Plaintiff did not owe the underlying debt and such actions also violated New York State Statutes prohibiting Deceptive Acts and Practices. *See* New York State Code Article 22-A. § 349.

95. Defendants' conduct violated Regulation X of the Real Estate Settlement Procedures Act. Defendants are liable to the Plaintiff for actual damages, costs, legal fees and statutory damages.

96. Defendants' conduct violated Regulation Z of the Truth in Lending Act. Defendants are liable to the Plaintiff for actual damages, costs, legal fees and statutory damages.

## CLASS ALLEGATIONS

97. Plaintiff Sylvester Gregg brings this action on behalf of not only himself, but also on behalf of a class of all other persons similarly situated, pursuant to Fed. R. Civ. P. Rule 23.

98. Plaintiff seeks to represent the class as, defined as follows:

   a. All natural persons;

   b. Who are residents in New York State;

   c. Who were sent one or more communications from WSC;

   d. Seeking to collect purported debts owed to WSC;

e. Which deprived consumers of their rights by failing to invoke the g-notice ("mini-miranda notice") in the collection communication to the consumers.

99. The class shall consist of all those who meet the criteria set forth above and who, in addition, were sent said communications within one year of the initiation of the instant class action.

100. Excluded from the Class are:

a. anyone employed by counsel for Plaintiff in this action; and

b. any Judge to whom this case is assigned, as well as his or her immediate family and staff.

*Numerosity*

101. The debt collection communications at issue in this case are boilerplate documents whose language does not materially vary from one consumer to the next, and which, upon information and belief, were sent by Defendants, a high-volume debt collector, to hundreds if not thousands of consumers.

102. Upon information and belief, the Class includes hundreds, if not thousands of members and is sufficiently numerous that joinder of all members is impractical.

103. Although the exact number of Class members and their addresses are unknown to Plaintiff, they are readily ascertainable from Defendants' records.

*Existence and Predominance of Common Questions*

104. Common questions of law and fact exist as to Plaintiff and all members of the Class and predominate over questions affecting only individual Class members.

105. These questions include:

a. Whether the false, misleading, and deceptive communications issued by Defendants failed to advised the recipients of their rights under the FDCPA by failing to invoke the mini-Miranda warning: "This is an attempt to collect a debt…communication is from a debt collector."

b. Whether such false, misleading, and deceptive acts were material in nature;

c. Whether Defendants engaged in unfair and/or deceptive debt collection practices in violation of the FDCPA and/or GBL § 349;

d. Whether Plaintiff and the other Class members are entitled to statutory damages, actual damages, costs and attorney's fees under the FDCPA;

e. Whether Plaintiff and the other class members are entitled to actual, damages of $50 each, punitive damages, treble damages, costs and attorney's fees under GBL § 349.

*Typicality*

106. Plaintiff's claims are typical of the claims of the Class because, among other things, Plaintiff is:

a. A natural person;

b. Who received one or more communications from West Coast Servicing, Inc.;

c. Seeking to collect purported debts owed to WSC;

d. Which failed to contain the mini-Miranda warning: "This is an attempt to collect a debt…communication is from a debt collector."

e. Which was sent to Plaintiff past the statute of limitations for the debt; and

f. Which sought debts that had been discharged by a Bankruptcy Court.

107. Thus, Plaintiff's claims—based on the same boilerplate misstatements by Defendants issued to all class membership—are typical of the claims of the class.

108. Put differently, all of the claims are based on the same factual and legal theories and the Plaintiff, together with each Class member, has been subjected to the same false, deceptive and unfair communications and acts by Defendants.

*Adequacy*

109. Plaintiff will fairly and adequately represent the interests of the class members and Plaintiff's interests do not conflict with the interests of the members of the Class he seeks to represent.

110. Plaintiff has retained counsel experienced in prosecuting class actions in consumer protection matters. There is no reason why this Plaintiff and counsel will not vigorously pursue this matter.

*Superiority*

111. The class action is superior to other available means for the fair and efficient adjudication of the claims at issue herein.

112. The damages suffered by each individual Class member may be limited. Damages of such magnitude are small given the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendants' conduct.

113. Further, it would be virtually impossible for the members of the Class to individually redress the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, the court system could not.

114. Individualized litigation presents a potential for inconsistent or contradictory judgments. Individualized litigation increases the delay and expense to all parties and the court system presented by the complex legal and factual issues of the case.

115. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

116. In the alternative, the Class may be certified because:

   a. the prosecution of separate actions by the individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual Class members which would establish incompatible standards of conduct for Defendants;

   b. the prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and

   c. Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final and injunctive relief with respect to the members of the Class as a whole.

## CLAIMS FOR RELIEF

### COUNT 1: Violation of § 1692d of the FDCPA – Any conduct the natural consequence of which is to harass, oppress, or abuse any person

117. Plaintiff adopts and realleges the foregoing as fully stated herein.

118. Section 1692d of the FDCPA prohibits a debt collector from using any conduct which the natural consequence of which is to harass, oppress or abuse any person. *See, 15 U.S.C. § 1692d.*

119. Defendants' violation of §1692d of the FDCPA, include, but are not limited to, attempting to collect on an alleged debt, that Defendants knew it lacked the standing and grounds to collect on, as the applicable statute of limitations has expired, and the debt has been discharged through bankruptcy. The consequence of this conduct of the Defendants was the harassment and abuse of the Plaintiff.

120. Moreover, Defendants denied Plaintiff his rights under the FDCPA, by failing to invoke the g-notice ("mini-Miranda notice") in its collection communication to the Plaintiff. By doing so, the Defendants failed to make the Plaintiff aware of his rights during the Defendants' attempt to collect a debt. The consequence of this conduct of the Defendants was the harassment and abuse of the Plaintiff.

121. Defendants' violation of §1692d of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees. *See, 15 U.S.C. §1692k.*

122. By engaging in conduct with the sole purpose of harassing the Plaintiff into payment of a debt that the Plaintiff did not owe, Defendants caused Plaintiff to suffer actual injury in the form of emotional distress, humiliation, anxiety, out-of-pocket expenses.

123. As a direct and proximate result of Defendants' deceptive acts and practices committed in violation of §1692d of the FDCPA, Plaintiff was damaged in that he, among other things, suffered stress, anxiety and humiliation as a result of Defendants' abusive attempts to collect a debt.

124. Defendants' violation of § 1692d of the FDCPA render them liable for actual damages, costs, and reasonable attorneys' fees. *See, 15 U.S.C. §1692k(a)(1).*

125. Plaintiff requests that Defendants be enjoined from attempting to collect the debt alleged to be owed by him because Defendants engaged in behavior which was harassing or abusing to Plaintiff or otherwise engaged in acts or practices that were unfair or deceptive towards Plaintiff.

## COUNT 2: Violation of § 1692e Of the FDCPA – Any other false, deceptive, or misleading representation or means in connection with the debt collection

126. Plaintiff adopts and realleges the foregoing as fully stated herein.

127. Section 1692e of the FDCPA prohibits a debt collector from using any other false, deceptive, or misleading representation or means in connection with the debt collection. *See, 15 U.S.C. § 1692e.*

128. Defendants' violation of §1692e of the FDCPA, include, but are not limited to, attempting to collect on an alleged debt, that Defendants knew they lacked the standing and grounds to collect on, as the applicable statute of limitations has expired, and the debt has been discharged through bankruptcy. Moreover, Defendants knew they lacked the standing and grounds to collect on this alleged debt. Defendants knew that the purported assignment of the alleged debt they have is invalid, but still engaged in activity that were tantamount

to false and deceptive representations and false and deceptive means to collect the alleged debt.

129. Moreover, Defendants denied Plaintiff his rights under the FDCPA, by failing to invoke the g-notice ("mini-Miranda notice") in its collection communication to the Plaintiff. By doing so, the Defendants failed to make the Plaintiff aware of his rights during the Defendants' attempt to collect a debt.

130. A representation is "deceptive" under section 1692e if it is "open to more than one reasonable interpretation, at least one of which is inaccurate." *Easterling v. Collecto, Inc.*, 692 F.3d 229, 233 (2d Cir. 2012).

131. There are multiple judicious interpretations of Defendants' violation of §1692e in this case at bar. Defendants' communications can be construed as the debt being an authentic debt owed by the Plaintiff and Defendants having the legal right to collect it.

132. Defendants' violation of §1692e of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees. *See, 15 U.S.C. §1692k*.

133. By engaging in false and deceptive means and utilizing false and deceptive representations in order to coerce payment of a debt that the Plaintiff did not owe, Defendants caused Plaintiff to suffer actual injury in the form of emotional distress, humiliation, anxiety, out-of-pocket expenses.

134. As a direct and proximate result of Defendants' deceptive acts and practices committed in violation of §1692e of the FDCPA, Plaintiff was damaged in that he, among other things, suffered stress, anxiety and humiliation as a result of Defendants' abusive attempts to collect a debt.

135. Defendants' violation of § 1692e of the FDCPA render them liable for actual damages, costs, and reasonable attorneys' fees. *See, 15 U.S.C. §1692k(a)(1).*

136. Plaintiff requests that Defendants be enjoined from attempting to collect the debt alleged to be owed by him because Defendants engaged in behavior which was harassing or abusing to Plaintiff or otherwise engaged in acts or practices that were unfair or deceptive towards Plaintiff.

### COUNT 3: Violation of § 1692e(2) Of the FDCPA – False or misleading representations in communications regarding character, amount or legal status of the alleged debt

137. Plaintiff adopts and realleges the foregoing as fully stated herein.

138. Section 1692e(2) of the FDCPA prohibits a debt collector from misrepresenting the character, amount or legal status of an alleged debt to attempt to collect a debt. *See, 15 U.S.C. § 1692e(2).*

139. Defendants' violations of § 1692e(2) of the FDCPA, include, but are not limited to, attempting to collect on an alleged debt, that Defendants knew they lacked the standing and grounds to collect on, as the applicable statute of limitations has expired, and the debt has been discharged through bankruptcy. Moreover, Defendants knew they lacked the standing and grounds to collect on this alleged debt. Defendants knew that the purported assignment of the alleged debt they have is invalid, but still engaged in activity that were tantamount to false and deceptive representations and false and deceptive means to collect the alleged debt.

140. Moreover, Defendants denied Plaintiff his rights under the FDCPA, by failing to invoke the g-notice ("mini-Miranda notice") in its collection communication to the Plaintiff. By

doing so, the Defendants failed to make the Plaintiff aware of his rights during the Defendants' attempt to collect a debt.

141. Defendants purposefully misrepresented and mischaracterized the alleged debt throughout their collection attempts. Defendants intentionally and negligently employed false pretenses in furtherance of collecting the alleged debt from the Plaintiff when they, among other things, failed to cite to the Plaintiff his rights under the FDCPA. Defendants' actions were false representations of the character and legal status of the alleged debt.

142. Defendants' violations of § 1692e(2) of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees. *See, 15 U.S.C. § 1692k.*

143. By seeking to collect a debt from Plaintiff by misrepresenting the character and legal status of the debt, Defendants caused Plaintiff to suffer actual injury in the form of economic harm, emotional distress, humiliation, anxiety, out-of-pocket expenses.

144. As a direct and proximate result of Defendants' deceptive acts and practices committed in violation of § 1692e(2) of the FDCPA, Plaintiff was damaged in that he, among other things, suffered stress, anxiety and humiliation as a result of Defendants' abusive attempts to collect a debt.

145. Defendants' violations of § 1692e(2) of the FDCPA render them liable for actual damages, costs, and reasonable attorneys' fees. *See15 U.S.C. § 1692k(a)(1).*

146. Plaintiff requests that Defendants be enjoined from attempting to collect the debt alleged to be owed by him because Defendants engaged in behavior which was harassing or abusing to Plaintiff or otherwise engaged in acts or practices that were unfair or deceptive towards Plaintiff.

## COUNT 4: Violation of § 1692e(10) Of the FDCPA – Any false representation or deceptive means to collect a debt or obtain information about a consumer

147. Plaintiff adopts and realleges the foregoing as fully stated herein.

148. Section 1692e(10) of the FDCPA prohibits a debt collector from communicating any false representation or deceptive means to collect a debt. *See, 15 U.S.C. § 1692e(10)*

149. Defendants' violations of §1692e(10) of the FDCPA, include, attempting to collect on an alleged debt, that Defendants knew they lacked the standing and grounds to collect on, as the applicable statute of limitations has expired, and the debt has been discharged through bankruptcy. Moreover, Defendants knew they lacked the standing and grounds to collect on this alleged debt. Defendants knew that the purported assignment of the alleged debt they have is invalid, but still engaged in activity that were tantamount to false and deceptive representations and false and deceptive means to collect the alleged debt.

150. Moreover, Defendants denied Plaintiff his rights under the FDCPA, by failing to invoke the g-notice ("mini-Miranda notice") in its collection communication to the Plaintiff. By doing so, the Defendants failed to make the Plaintiff aware of his rights during the Defendants' attempt to collect a debt.

151. Defendants' violations of §1692e(10) of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees. *See, 15 U.S.C. § 1692k*.

152. By engaging in false and deceptive means in order to coerce payment of a debt that the Plaintiff did not owe, Defendants caused Plaintiff to suffer actual injury in the form of emotional distress, humiliation, anxiety, out-of-pocket expenses.

153. As a direct and proximate result of Defendants' deceptive acts and practices committed in violation of § 1692f of the FDCPA, Plaintiff was damaged in that he, among other

things, suffered stress and anxiety as a result of Defendants' abusive attempts to collect a debt.

154. Plaintiff requests that Defendants be enjoined from attempting to collect the debt alleged to be owed by him, by engaging in behavior which is harassing or abusing Plaintiff or otherwise engaging in acts or practices that are unfair or deceptive towards Plaintiff.

### COUNT 5: Violation of § 1692e(11) Of the FDCPA – False or misleading representations in communications regarding the failure to contain the mini-Miranda Warning

155. Plaintiff adopts and realleges the foregoing as fully stated herein.

156. Section 1692e(11) of the FDCPA requires a debt collector's communication to contain the mini-Miranda warning. *See, 15 U.S.C. § 1692e(11).*

157. Defendants' violations of § 1692e(11) of the FDCPA, include, but are not limited to, denying Plaintiff his rights under the FDCPA, by failing to invoke the g-notice ("mini-Miranda notice") in its collection communication to the Plaintiff. By doing so, the Defendants failed to make the Plaintiff aware of his rights during the Defendants' attempt to collect a debt. Defendants purposefully misrepresented and mischaracterized the alleged debt throughout their collection attempts. Defendants intentionally and negligently employed false pretenses in furtherance of collecting the alleged debt from the Plaintiff when they failed to cite to the Plaintiff his rights under the FDCPA.

158. Defendants' violations of § 1692e(11) of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees. *See, 15 U.S.C. § 1692k.*

24

159. By seeking to collect a debt from Plaintiff by denying the Plaintiff his rights under the FDCPA, Defendants caused Plaintiff to suffer actual injury in the form of economic harm, emotional distress, humiliation, anxiety, out-of-pocket expenses.

160. As a direct and proximate result of Defendants' deceptive acts and practices committed in violation of § 1692e(11) of the FDCPA, Plaintiff was damaged in that he, among other things, suffered stress, anxiety and humiliation as a result of Defendants' abusive attempts to collect a debt.

161. Defendants' violations of § 1692e(11) of the FDCPA render them liable for actual damages, costs, and reasonable attorneys' fees. _See_ _15 U.S.C. § 1692k(a)(1)._

162. Plaintiff requests that Defendants be enjoined from attempting to collect the debt alleged to be owed by him because Defendants engaged in behavior which was harassing or abusing to Plaintiff or otherwise engaged in acts or practices that were unfair or deceptive towards Plaintiff.

### COUNT 6: Violation of § 1692f Of the FDCPA – any unfair or unconscionable means to collector attempt to collect the alleged debt

163. Plaintiff adopts and realleges the foregoing as fully stated herein.

164. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect the alleged debt. _See, 15 U.S.C. § 1692f._

165. Defendant's violations of §1692f of the FDCPA, include, but are not limited to, attempting to collect on an alleged debt, that Defendants knew they lacked the standing and grounds to collect on, as the applicable statute of limitations has expired, and the debt has been discharged through bankruptcy. Moreover, Defendants knew they lacked the

standing and grounds to collect on this alleged debt. Defendants knew that the purported assignment of the alleged debt they have is invalid, but still engaged in activity that were tantamount to false and deceptive representations and false and deceptive means to collect the alleged debt. Defendants' actions were unfair and unconscionable means to collect the alleged debt.

166. Moreover, Defendants denied Plaintiff his rights under the FDCPA, by failing to invoke the g-notice ("mini-Miranda notice") in its collection communication to the Plaintiff. By doing so, the Defendants failed to make the Plaintiff aware of his rights during the Defendants' attempt to collect a debt. Defendants' actions were unfair and unconscionable means to collect the alleged debt.

167. The least sophisticated consumer standard is used to determine whether a practice is unfair or unconscionable. *See LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1200–01 (11th Cir. 2010); cf. *Schweizer v. Trans Union Corp.,* 136 F.3d 233, 237 (2d Cir. 1998).

168. Defendants' violations of §1692f of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees. *See, 15 U.S.C. §1692k*.

169. By engaging in conduct with that were unfair and unconscionable in order to coerce the Plaintiff to pay a debt that he did not owe, Defendants caused Plaintiff to suffer actual injury in the form of emotional distress, humiliation, anxiety, out-of-pocket expenses.

170. As a direct and proximate result of Defendants' deceptive acts and practices committed in violation of § 1692f of the FDCPA, Plaintiff was damaged in that he, among other things, suffered stress, anxiety and humiliation as a result of Defendants' abusive attempts to collect a debt.

171. Plaintiff requests that Defendants be enjoined from attempting to collect the debt alleged to be owed by him because Defendants engaged in behavior which was harassing or abusing to Plaintiff or otherwise engaged in acts or practices that were unfair or deceptive towards Plaintiff.

### COUNT 7: Violation of § 1692f(1) Of the FDCPA – Any collection or attempt to collect any amount not authorized by the agreement creating the debt or permitted by law

172. Plaintiff adopts and realleges the foregoing as fully stated herein.

173. Section 1692f(1) of the FDCPA prohibits a debt collector from using any unfair means to attempt to collect any amount not authorized by the agreement creating the debt or permitted by law. *See, 15 U.S.C. § 1692f(1).*

174. Defendants' violations of § 1692f(1) of the FDCPA, include, but are not limited seeking to collect a debt from the Plaintiff not authorized by a contract or permitted by law. Defendants purposefully misrepresented and mischaracterized the amount and legality of the alleged debt throughout their collection attempts. Defendants intentionally and negligently represented the alleged debt was a viable account that was collected by Defendants and paid to the Defendants. Defendants knew or should have known that they lacked the standing and grounds to collect on this alleged debt, as the applicable statute of limitations has expired, and the debt has been discharged through bankruptcy. Defendants' actions were clearly not permitted by law.

175. Moreover, Defendants denied Plaintiff his rights under the FDCPA, by failing to invoke the g-notice ("mini-Miranda notice") in its collection communication to the Plaintiff. By doing so, the Defendants failed to make the Plaintiff aware of his rights during the

Defendants' attempt to collect a debt. Defendants' actions were clearly not permitted by law.

176. Defendants' violations of § 1692f(1) of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees. *See, 15 U.S.C. § 1692k.*

177. By seeking to collect a debt from Plaintiff not authorized by a contract or law, thus representing to Plaintiff that the alleged debt was a viable account which could be paid and collected, Defendants caused Plaintiff to suffer actual injury in the form of emotional distress, humiliation, anxiety, out-of-pocket expenses.

178. As a direct and proximate result of Defendants' deceptive acts and practices committed in violation of § 1692f(1) of the FDCPA, Plaintiff was damaged in that he, among other things, suffered stress, anxiety and humiliation as a result of Defendants' abusive attempts to collect a debt.

179. Defendants' violations of § 1692f(1) of the FDCPA render them liable for actual damages, costs, and reasonable attorneys' fees. *See 15 U.S.C. § 1692k(a)(1).*

180. Plaintiff requests that Defendants be enjoined from attempting to collect the debt alleged to be owed by him because Defendants engaged in behavior which was harassing or abusing to Plaintiff or otherwise engaged in acts or practices that were unfair or deceptive towards Plaintiff.

**<u>COUNT 8: Violation of § 1692g Of the FDCPA – Failure to send the consumer a 30-day validation notice within five days of the initial communication</u>**

181. Plaintiff adopts and realleges the foregoing as fully stated herein.

182. Section 1692g of the FDCPA requires a debt collector send the consumer a 30-day validation notice within five days of the initial communication.  *See, 15 U.S.C. § 1692g.*

183. Defendants' violations of § 1692g of the FDCPA, include, attempting to collect a debt, knowingly and intentionally depriving the Plaintiff of his rights under the FDCPA, by failing to invoke the g-notice ("mini-Miranda notice") in its collection communication to the Plaintiff. By doing so, the Defendants failed to make the Plaintiff aware of his rights during the Defendants' attempt to collect a debt.

184. Defendants' violations of § 1692g of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees. *See, 15 U.S.C. § 1692k.*

185. By seeking to collect a debt in violation of § 1692g of the FDCPA, Defendants caused Plaintiff to suffer actual injury in the form of economic harm, emotional distress, humiliation, anxiety, out-of-pocket expenses.

186. As a direct and proximate result of Defendants' deceptive acts and practices committed in violation of § 1692g of the FDCPA, Plaintiff was damaged in that he, among other things, suffered stress, anxiety and humiliation as a result of Defendants' abusive attempts to collect a debt.

187. Defendants' violations of § 1692g of the FDCPA render them liable for actual damages, costs, and reasonable attorneys' fees. *See 15 U.S.C. § 1692k(a)(1).*

188. Plaintiff requests that Defendants be enjoined from attempting to collect the debt alleged to be owed by him because Defendants engaged in behavior which was harassing or

abusing to Plaintiff or otherwise engaged in acts or practices that were unfair or deceptive towards Plaintiff.

## COUNT 9: Violation of § 1692g(a)(3) Of the FDCPA – Failure to state the Right to Dispute within 30 days

189. Plaintiff adopts and realleges the foregoing as fully stated herein.

190. Section 1692g(a)(3) of the FDCPA requires a debt collector to notify the consumer of his/her right to dispute the alleged debt within 30 days. *See, 15 U.S.C. § 1692g(a)(3).*

191. Defendants' violations of § 1692g(a)(3) of the FDCPA, include, attempting to collect a debt, knowingly and intentionally depriving the Plaintiff of his rights under the FDCPA, by failing to invoke the g-notice ("mini-Miranda notice") in its collection communication to the Plaintiff. By doing so, the Defendants failed to make the Plaintiff aware that he had the right to dispute the debt within 30 days of the initial communication.

192. Defendants' violations of § 1692g(a)(3) of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees. *See, 15 U.S.C. § 1692k.*

193. By seeking to collect a debt in violation of § 1692g(a)(3) of the FDCPA, Defendants caused Plaintiff to suffer actual injury in the form of economic harm, emotional distress, humiliation, anxiety, out-of-pocket expenses.

194. As a direct and proximate result of Defendants' deceptive acts and practices committed in violation of § 1692g(a)(3) of the FDCPA, Plaintiff was damaged in that he, among other things, suffered stress, anxiety and humiliation as a result of Defendants' abusive attempts to collect a debt.

195. Defendants' violations of § 1692g(a)(3) of the FDCPA render them liable for actual damages, costs, and reasonable attorneys' fees. *See 15 U.S.C. § 1692k(a)(1).*

196. Plaintiff requests that Defendants be enjoined from attempting to collect the debt alleged to be owed by him because Defendants engaged in behavior which was harassing or abusing to Plaintiff or otherwise engaged in acts or practices that were unfair or deceptive towards Plaintiff.

**COUNT 10: Violation of § 1692g(a)(4) Of the FDCPA – Failure to state the Right to Have Verification Mailed to the Consumer**

197. Plaintiff adopts and realleges the foregoing as fully stated herein.

198. Section 1692g(a)(4) of the FDCPA requires a debt collector to notify the consumer of his/her right to have verification mailed to him/her.  *See, 15 U.S.C. § 1692g(a)(4).*

199. Defendants' violations of § 1692g(a)(4) of the FDCPA, include, attempting to collect a debt, knowingly and intentionally depriving the Plaintiff of his rights under the FDCPA, by failing to invoke the g-notice ("mini-Miranda notice") in its collection communication to the Plaintiff. By doing so, the Defendants failed to make the Plaintiff aware that he had the right to have verification of the alleged debt sent to him.

200. Defendants' violations of § 1692g(a)(4) of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees. *See, 15 U.S.C. § 1692k.*

201. By seeking to collect a debt in violation of § 1692g(a)(4) of the FDCPA, Defendants caused Plaintiff to suffer actual injury in the form of economic harm, emotional distress, humiliation, anxiety, out-of-pocket expenses.

202. As a direct and proximate result of Defendants' deceptive acts and practices committed in violation of § 1692g(a)(4) of the FDCPA, Plaintiff was damaged in that he, among other

things, suffered stress, anxiety and humiliation as a result of Defendants' abusive attempts to collect a debt.

203. Defendants' violations of § 1692g(a)(4) of the FDCPA render them liable for actual damages, costs, and reasonable attorneys' fees. *See 15 U.S.C. § 1692k(a)(1).*

204. Plaintiff requests that Defendants be enjoined from attempting to collect the debt alleged to be owed by him because Defendants engaged in behavior which was harassing or abusing to Plaintiff or otherwise engaged in acts or practices that were unfair or deceptive towards Plaintiff.

### COUNT 11: Violation of § 1692g(a)(5) Of the FDCPA – Failure to state Will Provide the Name and Address of original Creditor if Different from Current Creditor

205. Plaintiff adopts and realleges the foregoing as fully stated herein.

206. Section 1692g(a)(5) of the FDCPA requires a debt collector to notify the Plaintiff that it will provide the name and address of the original creditor if different from the current creditor. *See, 15 U.S.C. § 1692g(a)(5).*

207. Defendants' violations of § 1692g(a)(5) of the FDCPA, include, attempting to collect a debt, knowingly and intentionally depriving the Plaintiff of his rights under the FDCPA, by failing to invoke the g-notice ("mini-Miranda notice") in its collection communication to the Plaintiff. By doing so, the Defendants failed to make the Plaintiff aware that he had the right to have the name and address of the original creditor if different from the current creditor.

208. Defendants' violations of § 1692g(a)(5) of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees. *See, 15 U.S.C. § 1692k.*

209. By seeking to collect a debt in violation of § 1692g(a)(5) of the FDCPA, Defendants caused Plaintiff to suffer actual injury in the form of economic harm, emotional distress, humiliation, anxiety, out-of-pocket expenses.

210. As a direct and proximate result of Defendants' deceptive acts and practices committed in violation of § 1692g(a)(5) of the FDCPA, Plaintiff was damaged in that he, among other things, suffered stress, anxiety and humiliation as a result of Defendants' abusive attempts to collect a debt.

211. Defendants' violations of § 1692g(a)(5) of the FDCPA render them liable for actual damages, costs, and reasonable attorneys' fees. *See 15 U.S.C. § 1692k(a)(1).*

212. Plaintiff requests that Defendants be enjoined from attempting to collect the debt alleged to be owed by him because Defendants engaged in behavior which was harassing or abusing to Plaintiff or otherwise engaged in acts or practices that were unfair or deceptive towards Plaintiff.

## COUNT 12: Violations of the New York General Business Law § 349

213. Plaintiff adopts and realleges the foregoing as fully stated herein.

214. Under New York General Business Law §349(a), deceptive acts or practices in the conduct of any business conducted in the State of New York are unlawful.

215. GBL § 349 provides in relevant part as follows:

   a. *Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful.*

      And;

   h. *In addition to the right of action granted to the attorney general pursuant to this section, any person who has been injured by reason of any violation of this section may bring an action in his own name to enjoin such unlawful act or practice, an*

*action to recover his actual damages or fifty dollars, whichever is greater, or both such actions.  The court may, in its discretion, increase the award of damages to an amount not to exceed three times the actual damages up to one thousand dollars, if the court finds the Defendants willfully or knowingly violated this section.  The court may award reasonable attorney's fees to a prevailing plaintiff.*

216. Defendants' violations of § 349(a) of the NY GBL, include, but are not limited to, attempting to collect on an alleged debt, that Defendants knew they lacked the standing and grounds to collect on, as the applicable statute of limitations has expired, and the debt has been discharged through bankruptcy. Moreover, Defendants knew they lacked the standing and grounds to collect on this alleged debt.  Defendants knew that the purported assignment of the alleged debt it had is invalid, but still engaged in activity that were tantamount to false and deceptive representations and false and deceptive means to collect the alleged debt. Defendants' actions were deceptive acts and practices in its course of business.

217. Defendant's violations of § 349(a) of the NY GBL, include, but are not limited to, seeking to collect a debt from the Plaintiff not authorized by a contract or permitted by law. Defendants purposefully misrepresented and mischaracterized the amount and legality of the alleged debt throughout their collection attempts. Defendants intentionally and negligently represented the alleged debt was a viable account that was collected by Defendants and paid to the Defendants. Defendants knew or should have known that they lacked the standing and grounds to collect on this alleged debt, as the applicable statute of limitations has expired, and the debt has been discharged through bankruptcy. However, Defendants still continued its collection activity, knowing they had no legal right to do so. Defendants' actions were clearly not permitted by law and were false representations of

34

the amount of the character, amount and legal status of the alleged debt. Defendants' actions were deceptive acts and practices in its course of business.

218. It is the regular business practices of Defendants to harass consumers in an abusive manner as a means to pressure the alleged debtor. Defendants engaged in deceptive practices aimed at other New York consumers. Defendants' actions have a broad impact on New York consumers at large.

219. It is the regular business practices of Defendants to fail to make consumers aware of their rights during their attempts to collect a debt. Defendants engaged in such deceptive practices aimed at other New York consumers. Defendants' actions have a broad impact on New York consumers at large.

220. It is the regular business practices of Defendants to fail to notify the consumers that they had the right to dispute the validity of alleged debts and to state that they will provide name and address of original creditor if different from the current creditor to consumers. Defendants engaged in such deceptive practices aimed at other New York consumers. Defendants' actions have a broad impact on New York consumers at large.

221. Defendants' violations of § 349(a) of the NY GBL render them liable for statutory damages, costs, and reasonable attorneys' fees pursuant to NY GBL 349(h).

222. Defendants' violations of § 349(a) of the NY GBL has caused Plaintiff to suffer actual injury in the form of emotional distress, humiliation, anxiety, out-of-pocket expenses.

223. As a direct and proximate result of Defendants' conduct committed in violations of § 349(a) of the NY GBL, Plaintiff was damaged in that he, among other things, suffered emotional distress, anxiety and humiliation as a result of Defendants' abusive attempts to collect a debt.

224. Defendants' violations of § 349(a) of the NY GBL render them liable for actual damages, costs, and reasonable attorneys' fees pursuant to NY GBL 349(h).

225. Plaintiff requests that Defendants be enjoined from attempting to collect the debt alleged to be owed by him because Defendants engaged in behavior which was harassing or abusing to Plaintiff or otherwise engaged in acts or practices that were unfair or deceptive towards Plaintiff.

## COUNT 13: Violations of 12 CFR Section 1024.36(c) and 12 CFR Section 1024.36(d)(2)(i)(B) of Regulation X of the Real Estate Settlement Procedures Act (RESPA)

226. Plaintiff adopts and realleges the foregoing as fully stated herein.

227. Under 12 CFR Section 1024.36(c) of Regulation X, the Defendants were required to send the Plaintiff a written acknowledgement saying that the Defendants received the Request for Information from the Plaintiff.

228. Under 12 CFR 1024.36(c) the written acknowledgement had to be provided to the Plaintiff within five (5) business days of the date of the receipt of the Request.  The Regulations provide that in computing this time period public holidays, Saturdays and Sundays are excluded.  As a result, in this case, the written acknowledgement was due no later than December 2, 2022.

229. Furthermore, and in addition failing to acknowledge receipt of the Request, the Defendants have not provided the Plaintiff with any written response explaining why it does not have to provide the requested information as provided for by 12 CFR 1024.36(f)(1) and (f)(2).

230. As a result of this lack of compliance by the Defendants, Defendants are liable to Plaintiff for actual damages, statutory damages, costs and attorney's fees.

231. Under 12 CFR Section 1024.36(d)(2)(i)(B), the Defendants had 30 business days to provide the Plaintiff with the information requested.

232. Upon information and belief, since the Request was received, the time period for the Defendants to comply expired on or around December 2, 2022.

233. As of the filing of this complaint, the Defendants have failed to provide any of the requested information to the Plaintiff.

234. As a result, the Defendants are liable to the Plaintiff for actual damages, costs, legal fees and statutory damages of at least $2,000.00.

### COUNT 14: Violations of 1026.36(c)(3) of Regulation Z of the Truth in Lending Act (TILA)

235. Plaintiff adopts and realleges the foregoing as fully stated herein.

236. Under Section 1026.36(c)(3) of Regulation Z, the Defendants were required to send the Plaintiff an accurate statement of the total outstanding balance that would be required to pay the consumer's obligation in full as of a specified date.

237. The statement, under these Regulations, "shall be sent within a reasonable time, but in no case more than seven business days after receiving a written request from the consumer or any person acting on behalf of the consumer." As a result, in this case, the time frame to provide the payoff statement has expired.

238. As of the date of the filing of this complaint, the Plaintiff has not received any payoff statement from the Defendants.

239. As a result of this lack of compliance by the Defendants, the Defendants are liable to the Plaintiff for actual damages, costs, legal fees and statutory damages of up to $4,000.00.

## **PRAYER FOR RELIEF**

Plaintiff, Sylvester Gregg prays that this Court:

a.  Declare that Defendants violated the FDCPA;

b.  For an award of actual and treble damages pursuant to 15 U.S.C. § 1692k against each and every Defendant and for Plaintiff;

c.  Enter judgment in favor of Plaintiff and against each and every Defendant, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA;

d.  Declare that the Defendants violated the NY GBL;

e.  Enter judgment in favor of Plaintiff and against each and every Defendant, for statutory damages, costs, and reasonable attorneys' fees as provided by § 349(h) of the NY GBL.

f.  Declare that the Defendants Defendant violated the Real Estate Settlement Procedures Act;

g.  Enter judgment in favor of Plaintiff and against each and every Defendant, for statutory damages, costs, and reasonable attorneys' fees as provided by RESPA;

h.  Declare that the Defendants Defendant violated the Truth In Lending Act;

i.  Enter judgment in favor of Plaintiff and against each and every Defendant, for statutory damages, costs, and reasonable attorneys' fees as provided by TILA;

j.  Enter judgment enjoining the Defendants from collecting or attempting to collect any debt alleged to be owed by Plaintiff,

k.  Grant such further relief as deemed just.

## **JURY DEMAND**

Plaintiff, Sylvester Gregg demands trial by jury.


Dated: April 11, 2023


Respectfully submitted,

**LAW OFFICE OF ABEL L. PIERRE,
ATTORNEY-AT-LAW, P.C.**

Attorney I.D.#AP-5508
140 Broadway, 46th Floor
New York, New York 10005
Telephone: (212) 766-3323
Facsimile: (212) 766-3322
abel@apierrelaw.com

**Attorney for Plaintiff**